# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 13 Proceeding |
| Antonio Gonzales ) | Case No. 08-44527 |
| and ) | |
| Kelly Gonzales ) | |
| ) | |
| Debtors/Plaintiffs, ) | |
| ) | |
| v ) | |
| ) | Adversary Proceeding No. |
| CitiMortgage, Inc. ) | |
| ) | |
| Defendant. ) | |
| ) | |
| Serve: ) | |
| CT Corporation System ) | |
| _____ / | |

## COMPLAINT TO DETERMINE THE VALUE OF SECURITY AND THE VALIDITY OF THE LIEN OF CITIMORTGAGE INC.

Plaintiffs Antonio Gonzales and Kelly Gonzales, through counsel, file this Complaint to determine the validity of the lien of Citimortgage Co, Inc., doing business as Citifinancial Mortgage Co., pursuant to 11 U.S.C. § 506 and Bankruptcy Rule 3012. Plaintiff states as follows:

1. Plaintiffs filed their voluntary petition under Chapter 13 of the Bankruptcy Code on or about June 20, 2008.

2. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. Section 1334 and 157(b)(2)(K). This is a core proceeding.

3. The Defendant is a corporation authorized and doing business in the State of Missouri.

4. On or about June 30, 2008 the Defendant filed a secured proof of claim on a second mortgage in the Plaintiffs' case in the amount of $30,227.80. The proof of claim does not state a fair market value of the property.

5. Defendant's claim was purportedly secured by a security interest in the Plaintiffs' real property commonly known as 703 Concorde St., DeSoto, Missouri 63020. This debt was incurred on or about December 22, 2006 and the Deed of Trust is recorded in Book 18, Page 19 in the office of the Recorder of Deeds in Jefferson County, Missouri.

6. On or about March 6, 2006 Plaintiffs entered into a loan with Countrywide Home Lending, Inc. in the amount of $153,000.00. The claim by Countrywide Home Lending, Inc. filed in Plaintiffs' bankruptcy case on or about July 16, 2008 claims a balance due of $149,586.90 at the date of the filing of the bankruptcy case. The proof of claim does not state a fair market value of the property.

7. The fair market value of the real property commonly known as 703 Concorde St., DeSoto, Missouri 63020, is $139,000 according to an independent appraisal of the property, and said property purportedly secures Defendant's first and second proofs of claim.

8. Pursuant to 11 U.S.C Section 506 (a), the Defendant's second mortgage and proof of claim in the amount of $30,227.80 is not a secured claim.

WHEREFORE, the Plaintiffs pray this Court to:

a. Determine that the amount of the proof of claim in the amount of $30,227.80 dated June 30, 2008 of the Defendant is not a secured claim and that claim shall be paid as an unsecured claim.

b. Order that upon the successful completion of the above Chapter 13, that Defendant shall file a release of lien of said Deed of Trust with the Recorder of Deeds in state and county in which the property is located.

c. Grant such other relief as may be necessary and proper.

        */s/ Sean C. Paul.*
        *Sean C. Paul, MO # 59371, MOED # 550586*
        *Legal Helpers*
        *515 Olive St., #702*
        *St. Louis, MO  63101*
        *(314)588-1520 Fax (314) 588-1476*
        *scp@legalhelpers.com*

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br> Antonio Gonzales and Kelly Gonzales | **DEFENDANTS** <br> CitiMortgage, Inc. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> Sean C. Paul <br> Legal Helpers <br> 515 Olive St. Ste 702 <br> St. Louis, MO 63102 <br> (314) 588-1520 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) <br> ☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor ☐ Other <br> ☐ Trustee | **PARTY** (Check One Box Only) <br> ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin <br> ☒ Creditor ☐ Other <br> ☐ Trustee |

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint to determine the value of collateral and validity of a lien on Real Property under 11 U.S.C. § 506

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Antonio Gonzales and Kelly Gonzales | BANKRUPTCY CASE NO.<br>08-44527 | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Eastern District of Missoui | DIVISION OFFICE<br>Eastern Division | NAME OF JUDGE<br>Schermer | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE<br>9/30/08 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Sean C Paul | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet. When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

(L.F. 18 Rev. 06/08)